IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| IAN TUCKER, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| CREDIT PROTECTION, | § | |
| ASSOCIATION, L.P. AKA | § | CASE NO. 6:11-cv-00062-WSS |
| CREDIT PROTECTION | § | |
| ASSOCIATION I, INC., | § | |
| ANN E. LEVINE, | § | |
| NATHAN A. LEVINE AND | § | |
| DOUGLAS K. BRIDGES, | § | |
| | § | |
|    Defendants. | § | |

**DEFENDANT CREDIT PROTECTION ASSOCIATION, LP'S**
<u>**ORIGINAL ANSWER**</u>

TO THE HONORABLE JUDGE:

CREDIT PROTECTION ASSOCIATION, LP ("Defendant") hereby files this Original Answer ("Answer") to Plaintiff, IAN TUCKER, and would show this Honorable Court as follows:

1. Defendant admits that Plaintiff is bringing suit under the various statutes cited in this paragraph of his Complaint but otherwise denies the allegations contained in ¶ 1 of Plaintiff's Original Complaint.

2. Defendant admits that Plaintiff is seeking to recovery monetary damages but otherwise denies allegations contained in ¶ 2 of Plaintiff's Original Complaint.

3. Defendant admits the allegations contained in ¶ 3 of Plaintiff's Original Complaint.

4. Defendant admits jurisdiction is proper.

5. Defendant admits venue is proper.

6. Defendant is unable to either admit or deny the allegations contained in ¶ 6 of Plaintiff's Original Complaint due to lack of knowledge or information. In support thereof, Defendant avers that this information would be within the care, custody, or control of Plaintiff and that discovery has not yet begun.

7. Defendant is unable to either admit or deny the allegations contained in ¶ 7 of Plaintiff's Original Complaint.

8. Defendant admits it acts as a "debt collector" as that term is defined under the FDCPA in certain circumstances and in certain instances; however, it denies the remaining allegations contained in ¶ 8 of Plaintiff's Original Complaint and denies that it acted as a debt collector as defined under the FDCPA with respect to Plaintiff.

9. Defendant denies the allegations contained in ¶ 9 of Plaintiff's Original Complaint.

10. Defendant denies the allegations contained in ¶ 10 of Plaintiff's Original Complaint.

11. Defendant denies the allegations contained in ¶ 11 of Plaintiff's Original Complaint.

12. No response is required to ¶ 12 of Plaintiff's Original Complaint as it is a statement of law.

13. No response is required to ¶ 13 of Plaintiff's Original Complaint as it is a statement of law.

14. Defendant, Credit Protection Association, admits that in certain circumstances it is a debt collector. Defendant, Credit Protection Association, has insufficient knowledge to admit or deny that it was acting as a debt collector with regard to the Plaintiff as alleged in ¶ 14 of Plaintiff's Original Complaint.

15. Defendant is unable to either admit or deny the allegations contained in ¶ 15 of Plaintiff's Original Complaint.

16. Defendant is unable to either admit or deny the allegations contained in ¶ 16 of Plaintiff's Original Complaint.

17. Defendant admits it acts as a "debt collector" as that term is defined under the FDCPA in certain circumstances and in certain instances; however, it denies the remaining allegations contained in ¶ 17 of Plaintiff's Original Complaint and denies that it acted as a debt collector as defined under the FDCPA with respect to Plaintiff.

18. Defendant is unable to either admit or deny the allegations contained in ¶ 18 of Plaintiff's Original Complaint.

19. Defendant denies the allegations contained in ¶ 19 of Plaintiff's Original Complaint.

20. Defendant denies it violated the FDCPA and denies Plaintiff has suffered or been damaged as alleged in ¶ 20 of Plaintiff's Original Complaint.

21. No response is required to ¶ 21 of Plaintiff's Original Complaint as it is a statement of law.

22. Defendant denies the allegations contained in ¶ 22 of Plaintiff's Original Complaint.

23. No response is required to ¶ 23 of Plaintiff's Original Complaint as it is a statement of law.

24. Defendant denies the allegations contained in ¶ 24 of Plaintiff's Original Complaint.

25. No response is required to ¶ 25 of Plaintiff's Original Complaint as it is a statement of law.

26. Defendant denies the allegations contained in ¶ 26 of Plaintiff's Original Complaint.

27. No response is required to ¶ 27 of Plaintiff's Original Complaint as it is a statement of law.

28. Defendant denies the allegations contained in ¶ 28 of Plaintiff's Original Complaint.

29. No response is required to ¶ 29 of Plaintiff's Original Complaint as it is a statement of law.

30. Defendant denies the allegations contained in ¶ 30 of Plaintiff's Original Complaint.

31. No response is required to ¶ 31 of Plaintiff's Original Complaint as it is a statement of law.

32. Defendant admits Plaintiff brings suit under DTPA but denies the claims are proper as alleged in ¶ 32 of Plaintiff's Original Complaint.

33. Defendant denies the allegations contained in ¶ 33 of Plaintiff's Original Complaint.

34. Defendant denies the allegations contained in ¶ 34 of Plaintiff's Original Complaint.

35. Defendant denies the allegations contained in ¶ 35 of Plaintiff's Original Complaint.

36. Defendant denies the allegations contained in ¶ 36 of Plaintiff's Original Complaint.

37. Defendant denies the allegations contained in ¶ 37 of Plaintiff's Original Complaint.

38. Defendant denies the allegations contained in ¶ 38 of Plaintiff's Original Complaint.

39. Defendant admits Plaintiff seeks an award of additional damages but denies those damaged occurred and otherwise denies the allegations of this Plaintiff as contained in ¶ 39 of Plaintiff's Original Complaint.

40. Defendant admits Plaintiff seeks reasonable and necessary attorney's fees but denies Plaintiff is entitled to them as alleged in ¶ 40 of Plaintiff's Original Complaint.

41. Defendant admits Plaintiff requested trial by jury but otherwise denies the allegations contained in ¶ 41 of Plaintiff's Original Complaint.

## DEFENDANT'S AFFIRMATIVE DEFENSES

42. Each and every claim set forth in the Original Complaint fails to state a claim upon which relief may be granted and Defendant reserves as the right to file a Motion to

Dismiss or a Motion for Summary Judgment in accordance with the Federal Rules of Civil Procedure and the rules of this Court.

43. Defendant generally denies any and all claims and allegations set forth within the Original Complaint and particularly deny any and all averments made by Plaintiff except those specifically admitted herein.

44. At all pertinent times, Defendant complied with the FDCPA or the Texas Finance Code § 392.001 *et. seq.* and expressly denies any violation of the same. To the extent that any violation occurred (statutory or otherwise), any such violation was unintentional and arose from a bona fide error, notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such errors. Defendant expressly denies the existence of such errors.

45. At all pertinent times, Defendant acted in good faith and in compliance with any and all relevant federal and state laws including, without limitation, the FDCPA and the Texas Finance Code § 392.001 *et. seq.*

46. Plaintiff could have, by reasonable effort, mitigated damages alleged, but Plaintiff failed to do so. Accordingly, the extent of the Plaintiff's damages (if any) should be reduced by the amount that Plaintiff could have reasonably mitigated them by proper action and by the amount (if any) that Plaintiff actually has mitigated.

47. Defendant alleges that the Complaint was filed in bad faith and thus, Defendant seeks reimbursement of its attorney's fees and costs in defending this matter.

WHEREFORE, having fully answered Plaintiff's Original Complaint, Defendant asks that Plaintiff's Original Complaint be dismissed, with prejudice, that Plaintiff take nothing, and that Plaintiff be responsible for payment of all fees and costs.

                Respectfully submitted,

                BUSH & RAMIREZ, LLC

                //s// Keith Wier
                Keith Wier; SBN: 21436100
                Fed. I.D. 7930
                24 Greenway Plaza, Suite 1700
                Houston, TX 77046
                Telephone: (713) 626-1555
                Facsimile: (713) 622-8077

                **ATTORNEY FOR DEFENDANT,**
                **CREDIT PROTECTION ASSOCIATION, LP**

## CERTIFICATE OF SERVICE

     I hereby certify that on the 15th day of August, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Dennis Kurz
WEISBERG & MEYERS, LLC
Two Allen Center
1200 Smith St., 16th Floor
Houston, TX 77002

                //s// Keith Wier
                Keith Wier