UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| IAN TUCKER § | |
| § | |
| vs. § | NO:  WA:11-CV-00062-WSS |
| § | |
| CREDIT PROTECTION ASSOCIATION, § | |
| L.P. aka Credit Protection Association I, | |
| Inc., ANNE E. LEVINE, NATHAN A. | |
| LEVINE and DOUGLAS K. BRIDGES | |

ORDER ON COURTROOM DECORUM AND TRIAL PROCEDURES

Came on for consideration, <u>sua sponte</u>, this date, in the above-numbered cause, the hereinbelow order of the Court regarding Courtroom Decorum.

IT IS HEREBY ORDERED that, in addition to strictly complying with the provisions of Rule AT-5, Local Rules of the United States District Court for the Western District of Texas, Counsel herein, unless excused by the undersigned, shall:

1. Stand as Court is opened, recessed, or adjourned.

2. Stand when the jury enters or retires from the Courtroom.

3. Stand when addressing, or being addressed by, the Court.

4. Stand at the lectern while examining any witness, except that counsel may approach the Clerk's desk or, with leave of Court, the witness, for the purpose of handling or tendering exhibits.

5. Stand at the lectern while making opening statements or closing arguments.

6. Address all remarks to the Court, not to opposing counsel.

7. Avoid disparaging personal remarks or acrimony toward opposing counsel

and remain wholly detached from any ill feeling between the litigants or witnesses.

    8.    Refer to all persons, including witnesses, other counsel, and the parties, by their surnames, not by their first or given names.

    9.  Only one attorney for each party shall examine or cross-examine each witness. The attorney stating objections, if any, during direct examination shall be the attorney recognized for cross-examination.

    10.  Counsel should request permission before approaching the bench. Any document counsel wishes to have the Court examine should be handed to the Clerk.

    11.  Any paper or exhibit not previously marked for identification should first be handed to the Clerk to be marked before it is tendered to a witness for his or her examination. Any exhibit offered in evidence should, at the time of such offer, be handed to opposing counsel.

    12.  In making objections, counsel should state only the legal grounds for the objection and should withhold all further comment or argument, unless elaboration is requested by the Court. Any arguments on objections shall be made by counsel at the bench.

    13.  In examining a witness, counsel shall not repeat or echo the answer given by the witness.

    14.  Offers of or requests for a stipulation should be made privately, not within the hearing of the jury.

    15.  In opening statement and in arguments to the jury, counsel shall not express personal knowledge or opinion concerning any matter in issue; shall not read or purport to read from deposition or trial transcripts; and shall not suggest to the jury, directly or indirectly, that it may or should request transcripts or the reading of any testimony by the Court Reporter.

    16.  Counsel shall admonish all persons at counsel table that gestures, facial expressions, audible comments, or the like, as manifestations of approval or disapproval during the testimony of witnesses, or at any other time, are absolutely prohibited.

    IT IS FURTHER ORDERED that, when appropriate, the above-enumerated rules of Courtroom Decorum shall be applicable to other persons seated at counsel table.

    IT IS FURTHER ORDERED that:

    A.    For purposes of the excusal of witnesses, any witness called by a

        party is deemed to be under the control of that party, and the witness may be excused if the said calling party so desires and announces. Should other counsel desire the witness to be available for later use, said counsel must so state and shall be responsible for such subsequent attendance of the said witness.

B.      <u>Right of counsel to confer with witnesses</u>:  Counsel who calls a witness for direct examination may confer with said witness during recesses of the Court so long as that witness remains under direct examination.  Counsel may not confer with his or her witness during cross-examination but may again confer with said witness during redirect examination.  This provision is not applicable to a Party who testifies, and such a Party so testifying shall be free to confer with his or her attorney at any time.

C.      Counsel and parties shall adhere strictly to Court trial schedules and shall be present promptly at the time set for the beginning of trial each day.  Unless otherwise announced by the Court, the trial will commence promptly at 9:00 A.M. each morning.

D.      During recesses and trial, counsel and parties shall not speak to nor associate with jurors.

E.      All counsel shall assist the Court in protecting the sanctity and security of the jury and shall not disclose in the presence of the jury any information or material extraneous to the evidence admitted into the record.  Disclosure before the jury of significant information extraneous to the evidence admitted will be considered to be misconduct which obstructs the Court in the performance of its judicial duty subject to punishment through contempt of court under Rule 42.  Counsel shall cooperate in seeking to secure jurors from contact with the lawyers in the case, parties, and other participants in the trial.

F.      Should "the Rule" relating to the presence of witnesses in the Courtroom be invoked, all parties shall assist the Court, the Deputy U.S. Marshal(s), and the Courtroom Deputy Clerk in keeping any witnesses who are expected to testify outside the Courtroom during trial.  Failure of counsel to notify the Court, the appropriate Deputy U.S. Marshal, and/or the Courtroom Deputy Clerk of the unauthorized presence in the Courtroom of such a witness after "the Rule" is invoked will result in prompt and appropriate remedial action by the Court toward the offending counsel or party.

G.      Jury voir dire will be conducted solely by the Court.  All requested voir dire questions must be submitted to the Court in writing prior to jury

selection.

IT IS ORDERED that a copy of this Order be furnished to all counsel of record herein.

SIGNED this 17th day of August, 2011.

_____
WALTER S. SMITH JR
UNITED STATES DISTRICT JUDGE